UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOEY L. MCROYAL,

Plaintiff

v.

GODINEZ, et al.,

Defendants

Case No. 2:25-cv-02133-CDS-MDC

**ORDER**

On November 4, 2025, this Court ordered federal pretrial detainee Joey McRoyal to either pay the full $405 filing fee for this civil action or file a new application to proceed *in forma pauperis* with all three required documents by January 2, 2026. (ECF No. 3). The Court instructed that if Plaintiff had not been at Nevada Southern Detention Center for a full six-month period, he still needed to provide both a financial certificate and an inmate trust fund account statement for the dates he has been at the facility. (*Id.* at 1). That deadline expired without any response by Plaintiff. Soon thereafter, however, Plaintiff sent a letter to the Clerk of Court asking about the status of this action and two of his other lawsuits. (ECF Nos. 4, 5).

Considering Plaintiff's filing, the Court entertains alternatives to dismissal and will reopen and extend the deadline for him to either pay the full filing fee or file a new complete application to proceed *in forma pauperis*. Alternatively, if Plaintiff is having difficulty obtaining all his required financial documents from detention officials, then the Court will give him an opportunity to file the first three pages of the application together with a declaration demonstrating in detail that he has done all that is possible to obtain his required financial documents from detention officials.

I.      **DISCUSSION**

Under 28 U.S.C. § 1915(a)(2) and Nevada Local Rule LSR 1-2, an inmate seeking to commence a civil action may apply to proceed *in forma pauperis*, which allows the inmate to file the action without prepaying the full $405 filing fee. To apply for *in forma*

*pauperis* status the inmate must submit all three of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, on this Court's approved form (i.e. pages 1 through 3 with the inmate's two signatures on page 3), (2) a **Financial Certificate** properly signed by both the inmate and a prison or detention official (i.e. page 4 of this Court's approved form), and (3) a copy of the **inmate's prison or detention trust fund account statement for the previous six-month period or, if shorter, the dates the plaintiff has been at the facility**.

If Plaintiff is having difficulty obtaining the required financial certificate and inmate account statement from detention officials, then Plaintiff must file the first three pages of the application to proceed *in forma pauperis* on this Court's approved form together with a declaration[1] detailing when he requested the financial documents, who he spoke to about the status of the documents, who he followed up with after he did not receive the documents, and their responses. Plaintiff's declaration must include dates of his requests, dates of his follow-up requests, names of the officials that he spoke to about the matter, and their responses. If Plaintiff's declaration demonstrates that he has done all that was possible to acquire his financial documents from detention officials, then the Court will consider his *in forma pauperis* application to be complete and will screen his complaint in the ordinary course.[2]

## II.    CONCLUSION

It is therefore ordered that Plaintiff has **until March 16, 2026**, to either pay the full $405 filing fee or file a fully complete application to proceed *in forma pauperis* with all three of the following required documents:

(i) a completed application with the inmate's two signatures on page 3,

---

[1] A declaration is sufficient if is a writing signed and dated by Plaintiff and includes language stating under penalty of perjury under the laws of the United States of America that the statements made in the declaration are true and correct. *See* 28 U.S.C. § 1746.

[2] Plaintiff must still submit the first three pages of the application to proceed *in forma pauperis* on this Court's approved form with his declaration. If Plaintiff does not submit the first three pages of the application to proceed *in forma pauperis* with the declaration, then the Court will recommend dismissal of this case without prejudice.

(ii) a completed financial certificate that is signed both by the inmate and the prison or detention official, and

(iii) a copy of the inmate's trust fund account statement for the previous six-month period.

Alternatively, if Plaintiff is not able to obtain his financial certificate and inmate trust fund account statement from detention officials, it is further ordered that on or before **March 16, 2026**, Plaintiff must file the first three pages of the application to proceed *in forma pauperis* on the Court's approved form together with a declaration detailing the efforts that he took to acquire his financial documents from detention officials.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if he fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can file a complete application to proceed *in forma pauperis* or pay the required filing fee.

The Clerk of the Court is directed to resend Plaintiff this Court's approved form original application to proceed *in forma pauperis* for an inmate with instructions.

DATED: January 29, 2026

_____
UNITED STATES MAGISTRATE JUDGE

- 3 -